UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| IN RE: | : | |
| | : | |
| M.L. LOGAN PRECISION MACHINING COMPANY | : | Chapter 7 |
| | : | |
| Debtor(s) | : | Bky. No. 06-14625ELF |
| | : | |

# M E M O R A N D U M

**BY: ERIC L. FRANK, U.S. BANKRUPTCY JUDGE**

## I. INTRODUCTION

Presently before me is a motion for reconsideration filed by the chapter 7 trustee ("the Trustee's Motion"). The trustee seeks reconsideration of an order I entered without opposition, allowing an administrative expense in favor of the landlord of the debtor.

Based on the Findings of Fact and Conclusions of Law set forth below and subject to the conditions described therein, I will reconsider and reduce the administrative expense allowed to the debtor's landlord.

## II. FINDINGS OF FACT

1. M.L. Logan Precision Machining Company ("the Debtor") filed a voluntary petition under chapter 7 of the Bankruptcy Code in this court on October 10, 2006.

2. On October 11, 2006, Howard T. Glassman ("the Trustee") was appointed as interim trustee and has continued to act in that capacity.

3. As of the petition date, the Debtor was in possession of the real property located at 313 Big Road, Route 73, Zieglerville, PA 19492 ("the Premises") pursuant to a Lease Agreement dated March 20, 2003 ("the Lease").

4. The landlord under the Lease is John F. Yanan ("the Landlord").

5. Under the Lease, the monthly base rent falling due on the first day of the month is $1,312.40.

6. The Lease provides, <u>inter alia</u>, that the Debtor shall "[k]eep the demised premises clean and free from all ashes, dirt and other refuse matter" and shall "surrender the demised premises in the same condition . . . ."

7. By Order dated December 11, 2006, the court authorized the Trustee to employ Quaker City Auctioneers ("Quaker City") as the Trustee's sale agent in the public auction of the Debtor's assets, including inventory, furniture, fixtures and equipment.

8. On December 19, 2006, the Trustee, acting through Quaker City, conducted an auction of the Debtor's assets at the Premises.

9. Following the auction, the Trustee, acting through Quaker City, made an effort to clean the Premises before surrendering possession to the Landlord.

10. On December 29, 2006, Quaker City and the Landlord conducted a final "walk-through" of the Premises in connection with the Trustee's surrender of possession of the Premises to the Landlord.

11. When the Trustee surrendered possession of the Premises to the Landlord on December 29, 2006, several items of property were left on the Premises:

    a. a Toledo scale

      b. racking

      c. an oil drum

      d. office furniture and equipment

      e. file cabinets containing paper records

      f. telephone system

      g. a copier machine[1]

      h. a "coordinate measuring machine" (which weighed approximately one ton).[2]

12. After December 29, 2006, the Landlord incurred expenses of $1,200.00 to remove the items remaining on site when the Trustee vacated the Premises.[3]

---

[1] There was conflicting testimony whether the copier machine was operating. I find it unnecessary to resolve that factual issue.

[2] The Trustee asserts that the coordinate measuring machine was not property of the estate because it was owned by the brother-in-law of the Debtor's principal.

[3] The Landlord asserted that his total expense for the removal of the property from the Premises was $1,500.00. He testified that he spent approximately $500.00-$600.00 for the rental of a dumpster and $750 for the rental of a rigger for removal of the coordinate measuring machine. He attributed the balance of the $1,500.00 claimed to labor costs incurred in removing the remaining property from the Premises.

    I found the Landlord to be generally credible. However, he was not entirely certain how much he had spent on rental of the dumpster and the rigger and he did not produce receipts for those out-of-pocket expenses. Therefore, I have accepted the "lower end" of his estimates and discount them slightly further, thereby finding that his out-of-pocket expense was $1,200.00.

    As for the "labor costs," the Landlord testified that he directed several employees from his separate commercial roof installation business to spend time assisting in removing the items left at the Premises by the Trustee in lieu of their usual duties. Thus, it might be more accurate to describe the labor costs as "lost opportunity costs." However, the Landlord offered no specific evidence regarding the number of employees, the hours they worked, their rate of pay or how the Landlord's total labor expenses were increased by utilizing his employees at the Premises. I found this portion of the Landlord's testimony too vague and conclusory to support a damage finding.

13. On February 8, 2007, the Landlord filed a motion ("the Landlord's Motion") requesting allowance of an administrative expense of $5,437.20, calculated as follows:

    a. 3 months' postpetition occupation of the Premises @ $3,937.20/month, plus

    b. $1,500.00 in costs incurred in cleaning the Premises and removing debris.

14. The Trustee was electronically served with the Landlord's Motion and a "Notice of Motion." Pursuant to the scheduling system employed in this district, see L.B.R. 5070-1(a), the Notice of Motion notified the Trustee that a hearing on the Landlord's Motion would be held on March 21, 2007.

15. The Trustee did not file a response to the Landlord's Motion or appear at the March 21, 2007 hearing.

16. At the March 21, 2007 hearing, counsel for the Landlord appeared. During counsel's colloquy with the court, the court expressed some doubt whether the Landlord was entitled to the allowance of an administrative expense for the $1,500.00 in requested clean-up and property removal costs. However, given the lack of opposition to the Landlord's Motion, the court stated its intention of granting the Motion.

17. By order dated March 26, 2007 and entered March 27, 2007, the court allowed the Landlord an administrative expense in the full amount requested, $5,437.20 ("the March 26, 2007 Order"). The March 26, 2007 Order stated that it was entered "without opposition."

18. On March 26, 2007, the Trustee filed the Trustee's Motion.

19. In the Trustee's Motion, the Trustee asserted that the Landlord's Motion was procedurally defective because it was titled a "petition," instead of a "motion," particularly because it was accompanied by a "notice of *motion*."

20. The Trustee received electronic service of the Landlord's Motion and the accompanying Notice of Motion through the court's CM/ECF system.

21. The Trustee did not respond to the Landlord's Motion because he overlooked the e-mail by which he received the Notice of Motion.

### III. CONCLUSIONS OF LAW

1. The Landlord properly served the Trustee with the Landlord's Motion and Notice of Motion. See ¶2.c. of Exhibit "A" to the Court's Standing Order dated April 1, 2004 (Misc. No. M-3005).

2. Regardless whether the Trustee's Motion should be analyzed under the standards found in Fed. R. Bankr. P. 3008, Fed. R. Bankr. P. 7055(c) (incorporated by Fed. R. Bankr. P. 9014); Fed. R. Bankr. P. 9006(b)(1) or Fed. R. Bankr. P. 9023, the bankruptcy court has broad discretion to reconsider the March 26, 2007 Order in the interest of justice and to correct a clear error of law. See 9 Collier on Bankruptcy ¶3008.01[4] (15th rev. ed. 2007); 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure 3d §§2693-2701 (2007); see also Pioneer Investment Services Company v. Brunswick Associates Limited, 507 U.S. 380, 113 S.Ct. 1489 (1993) (discussing excusable neglect under Fed. R. Bankr. P. 9006(b)); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985), cert. denied, 476 U.S. 1171, 106 S.Ct. 2895 (1986) (discussing reconsideration under Fed. R. Civ. P. 59, incorporated by Fed. R. Bankr. P. 9023).

3. It is appropriate to reconsider on the merits the March 26, 2007 Order, subject to the allowance of counsel fees to the Landlord's attorney for his court appearance on March 21,

2007.[4]

4. The Lease was rejected by operation of law on December 9, 2006, 60 days after the order for relief in this case. 11 U.S.C. §365(d)(1).

5. The Landlord is entitled to the base rent that fell due on November 1, 2006 and December 1, 2006 as an allowed administrative expense. See id. §365(d)(3); In re Montgomery Ward Holding Corp., 268 F.3d 205 (3d Cir. 2001).

6. The Landlord is entitled to the "stub rent" attributable for the period from October 10, 2006 to October 31, 2006 as an allowed administrative expense. See 11 U.S.C. §503(b); In re Hello Corp. of Pennsylvania, Inc., 2006 WL 1983214 (W.D. Pa. July 3, 2006); In re DVI, Inc., 308 B.R. 703, 707-08 (Bankr. D. Del. 2004).

7. The amount allowable for the "stub rent" period is presumptively measured by the rental value fixed in the lease, absent evidence to the contrary. See, e.g., In re DVI, Inc., 308 B.R.

---

[4] Strictly speaking, this Conclusion of Law No. 3 may not be a "pure" conclusion of law. Rather, it is a determination that is the product of the exercise of my discretion. For sake of convenience, I have included it in my Conclusions of Law. In deciding to reconsider the March 26, 2007 Order on the merits, I have considered the Trustee's explanation for his failure to contest the Landlord's Motion and found his explanation weak at best. Other considerations, however, lead me to conclude that it is appropriate to reconsider the prior order: (1) while the Trustee did not offer this as an excuse, the docket reflects that the Landlord did not file the Notice of Motion until one week after he filed the Motion, which may explain why the Trustee overlooked the Notice of Motion; (2) Trustee acted promptly to correct his error; (3) the Landlord has suffered no prejudice (other than the cost of an unnecessary court appearance by his counsel on March 21, 2007); (4) I have the ability to compensate the Landlord reasonably for the additional expense he incurred as a result of the Trustee's failure to respond to the Landlord's Motion; (5) the Trustee's position on the merits is largely meritorious; and (6) reconsideration will have a favorable impact on innocent parties, i.e., the unsecured creditors who are entitled to a distribution on account of their allowed claims. To remedy the unnecessary expense borne by the Landlord for his counsel's March 21, 2007 court appearance, I will allow the Landlord an additional $300.00 as an administrative expense. At the conclusion of this case, I will deduct $300.00 from the compensation allowed to the Trustee pursuant to 11 U.S.C. §§326, 330 so that the creditors do not bear this expense.

at 708.

8. The Landlord is not entitled to the allowance of an administrative expense for the costs incurred in cleaning the Premises and removing items from the Premises after the Trustee surrendered possession on December 29, 2006.  See 11 U.S.C. §365(g); In re TreeSource Industries, Inc., 363 F.3d 994, 998-99 (9th Cir. 2004); In re Malden Mills Industries, Inc., 303 B.R. 688, 706 -708 (1st Cir. BAP ,2004); In re Ames Dept. Stores, Inc., 306 B.R. 43, 51 -53 (Bankr. S.D.N.Y. 2004);  In re Teleglobe Communications Corp., 304 B.R. 79, 82-84 (D. Del. 2004); cf. In re DVI, Inc., 308 B.R. at 708 (landlord is entitled to administrative expense under 11 U.S.C. §503(b) for post-rejection use of premises for storage of estate assets where benefit is conferred upon the bankruptcy estate).

9. The time when an expense allowed pursuant to 11 U.S.C. §365(d)(3) or §503(b) actually must be paid is within the bankruptcy court's discretion.  E.g., In re Colortex Industries, 19 F.3d 1371, 1384 (11th Cir. 1994); In re HQ Global Holdings, Inc., 282 B.R. 169, 173 (Bankr. D. Del. 2002); In re Dieckhaus Stationers of King of Prussia, Inc., 73 B.R. 969, 972 (Bankr. E.D. Pa. 1987).  See also 4 Collier on Bankruptcy ¶503.3, at 503-13 (15th rev. ed. 2006) ("[t]he time at which a particular administrative expense can or must be paid will vary from case to case depending upon the chapter under which the case was filed and the circumstances of the case").

10. In this case, the Landlord is entitled to immediate payment of his allowed administrative expense[5]

---

[5] Again, this discretionary determination is placed among the Conclusion of Law for sake of convenience.  This case is a chapter 7 case in which the Trustee has raised an estate from the sale of the Debtor's assets.  Based on my review of Quaker City's application for compensation

### IV. CALCULATION OF ALLOWED ADMINISTRATIVE EXPENSE

| | |
|---|---:|
| Rent due on 11/1/06 and 12/1/06 per 11 U.S.C. §365(d)(3)<br>        (2 x $1,312.40) | **$2,624.80** |
| "stub rent" for period 10/11/06 to 10/31/06 per 11 U.S.C. §503(b)<br>        (0.67 months x  $1,312.40/month) | 879.31 |
| counsel fees allowed as a condition of reconsideration of<br>the March 26, 2007 Order | 300.00 |
| | **$3,804.11** |

### IV. CONCLUSION

For the reasons set forth above, I will allow the Landlord an administrative expense in the amount of $3,804.11, payable forthwith.

Date:   **May 14, 2007**

        **ERIC L. FRANK**
        **U.S. BANKRUPTCY JUDGE**

---

filed on March 8, 2007, I infer that the auction proceeds amounted to approximately $40,000.00. If Quaker City's application is granted in full, the Trustee will have close to $30,000 on hand in the bankruptcy estate's bank accounts.  In these circumstances, there appears to be little risk that the bankruptcy estate will be administratively insolvent.  Therefore, I will direct the Trustee to pay forthwith the Landlord's allowed administrative expense.  If the Trustee believes that I have overlooked a material fact that would make it appropriate to defer actual payment of the Landlord's allowed administrative expense to a later date, the Trustee should promptly file an appropriate motion.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| IN RE: | : | |
| | : | |
| M.L. LOGAN PRECISION MACHINING COMPANY | : | Chapter 11 |
| | : | |
| Debtor(s) | : | Bky. No. 06-14625ELF |
| | : | |

# O R D E R

**AND NOW,** upon consideration of the Trustee's Motion for Reconsideration of the Court's Order Allowing the Administrative Expense of John Yanon ("the Motion"), the response thereto, and after a hearing, and for the reasons set forth in the accompanying Memorandum, it is hereby **ORDERED** that:

1. The Motion ( Docket Entry No. 42) is **GRANTED**, conditioned upon the reduction of any compensation allowed in the future to the Trustee pursuant to 11 U.S.C. §§326, 330 by the amount of **$300.00**.

2. In any application for compensation that the Trustee may make in the future, the Trustee shall make an express reference to this Order.

3. The Court's Order dated March 26, 2007, allowing an administrative expense to John Yanan in the amount of **$5,437.20** is **VACATED**.

4. John Yanan is allowed an administrative expense in the amount of **$3,804.11**, payable forthwith.

Date:     May 14, 2007

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**